State v. Graves

---

STATE OF NORTH CAROLINA v. HOWARD D. GRAVES

No. 7517SC846

(Filed 4 February 1976)

Homicide § 30— involuntary manslaughter — failure to submit issue to jury — error

The trial court in a murder prosecution erred in failing to instruct the jury on involuntary manslaughter as a possible verdict where defendant's testimony was explicit that he did not know that his gun had even fired, and there was evidence in the case to support the theory that after defendant was shot his shotgun discharged accidentally.

APPEAL by defendant from *Winner, Judge.* Judgment entered 4 June 1975 in Superior Court, CASWELL County. Heard in the Court of Appeals 23 January 1976.

Defendant was indicted on a charge of first degree murder. The State announced at trial that it would proceed on a charge no greater than second degree murder. Prior to the State's presentment of its case, the district attorney announced that the parties agreed and stipulated that the deceased was killed by a shotgun wound to the face and that the laboratory test for blood alcohol revealed 190 milligrams of blood alcohol in the deceased when he died. It was further stipulated that the defendant had been shot twice in the abdomen.

The State's evidence at trial tended to establish that the deceased and his wife visited Flo's Truckstop on 9 November 1974 to drink beer with some friends. A fight erupted at the truck stop involving several men and their female escorts. The deceased's wife testified that she saw her husband with his hands in the air facing the defendant who was armed with a shotgun and pointing it at the deceased. Two pistol shots were fired, and defendant shot the deceased in the face with the shotgun. The defendant himself was shot with a .25 caliber pistol and the deceased's wife admitted that the deceased owned such a pistol. However, she stated that the weapon involved in the shooting of the defendant was not her husband's.

Evidence for the defense was that defendant went to the rescue of his brother who was assaulted by several people at the truck stop. Defendant testified that he was armed with a shotgun but had no intention of shooting anyone, and that he did not know the deceased or anyone else present except for his brother and members of his own party. Defendant also testified that after he was shot he was conscious for just a second and saw the deceased with a gun in his hand, and that he immediately lost consciousness and remembered nothing more until sometime the following day when he regained consciousness at the hospital. Defendant stated that he did not recall firing his shotgun and in fact did not know that it had been discharged or that deceased had been shot until the following day.

The jury returned a verdict of guilty of manslaughter and defendant appealed to this Court.

*Attorney General Edmisten, by Associate Attorney Joan H. Byers, for the State.*

*Gwyn, Gwyn and Morgan, by Melzer A. Morgan, Jr., for defendant appellant.*

ARNOLD, Judge.

Defendant assigns as error the failure of the court to instruct the jury on involuntary manslaughter as a possible verdict. He contends that the evidence raised the offense of involuntary manslaughter. There is merit in this contention.

Involuntary manslaughter has been defined as "the unlawful killing . . . without malice, without premeditation and deliberation, and without intention to kill or inflict serious bodily injury." See *State v. Wrenn*, 279 N.C. 676, 682, 185 S.E. 2d 129 (1971). Defendant's testimony is explicit that he did not intentionally shoot anyone, and in fact did not know that his gun had even fired. There is evidence in this case to support the theory that after defendant was shot his shotgun discharged accidentally. Evidence is sufficient to support a verdict of involuntary manslaughter. *State v. Stimpson*, 279 N.C. 716, 185 S.E. 2d 168 (1971); *State v. Davis*, 15 N.C. App. 395, 190 S.E. 2d 434 (1972).

Although not raised by this appeal the evidence, as contained in this record, presents the question of whether there should have been an instruction to the jury concerning a possible verdict of not guilty if the jury believed the defendant to have been completely unconscious at the time of the shooting. See *State v. Caddell*, 287 N.C. 266, 215 S.E. 2d 348 (1975); and *State v. Mercer*, 275 N.C. 108, 165 S.E. 2d 328 (1969).

Since defendant is entitled to a new trial there is no need to discuss the remaining assignments of error.

New trial.

Chief Judge BROCK and Judge PARKER concur.